**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICARDO DE JESÚS FRANCHI-LOPEZ,

Petitioner,

v. No. 1:26-cv-02614-KG-KRS

WARDEN, TORRENCE COUNTY
DETENTION CENTER, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Ricardo de Jesús Franchi-Lopez's Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, the Government's Response, Doc. 7, and Petitioner's Supplemental Motion for Release ("Supplemental Motion"), Doc. 9. For the reasons below, the Court construes Petitioner's Supplemental Motion for Release as an Amended Petition and, based on the facts pled therein, denies the habeas petition.

## *I. Background*

The Government did not contest the facts presented in the Petition and did not file a Response to the Supplemental Motion. *See* Doc. 5 at 1 ("Respondents are not submitting a brief in opposition to the petition or detailing the facts and circumstances of this case"). The Court therefore accepts the facts pled by in the Petition and Supplemental Motion for Release as true. *See* Doc. 1; Doc 9.

Petitioner is a native and citizen of Venezuela who, after living and working in the United States for an indeterminate period of time, was detained by U.S. Immigration and Customs Enforcement ("ICE") on or about October 23, 2025. Doc. 1 at 2–3. Since then, Petitioner has remained in immigration custody and is currently detained at the Torrance County Detention Center

in New Mexico. *Id.* at 2. After an immigration judge entered an order of removal to Ecuador on January 21, 2026, Petitioner timely appealed to the Board of Immigration Appeals ("BIA"). *Id.* at 2; *see also* Doc. 9 at 1. The BIA received his appeal on July 13, 2026, which remained pending when the original Petition seeking immediate release was filed on August 10, 2026. Doc. 1 at 2.

Although the Government's Response did not challenge any of the facts contained in the Petition, *see* Doc. 7 at 1, Petitioner then filed a Supplemental Motion on September 16, 2026, Doc. 9. This Supplemental Motion indicates that Petitioner is now under a final order of removal and now alleges his detention is unlawful under the standard set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is "no significant likelihood of removal occurring in the reasonably foreseeable future." *Id.* at 2. Given the substance of the Supplemental Motion, which asserts new facts and seeks an alternative form of relief, the Court construes the Supplemental Motion as a Motion for Leave to File an Amended Petition and grants the motion. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally[.]").

## ***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 28 U.S.C. § 2241(c)(3) if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." *See Zadvydas*, 533 U.S. at 687.

The Immigration and Nationality Act ("INA") establishes two distinct detention regimes depending on whether a noncitizen is subject to a final order of removal. The detention of noncitizens who "seeking admission" to the United States and are not subject to a final order of removal is governed by 8 U.S.C. § 1226. Under this statute, the detention of a noncitizen without a bond hearing constitutes a violation of their right to due process under the Fifth Amendment to the United States Constitution. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026)

(holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). However, once a noncitizen is subject to final order of removal, their detention is governed by 8 U.S.C. § 1231. A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. 8 C.F.R. § 1241.1(a)-(c). "[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; 8 U.S.C. § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must . . . rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

## ***III. Analysis***

Applying these principles, Petitioner's detention remains lawful under § 1231. Although Petitioner's detention was originally governed by § 1226 at the time the original Petition was filed

on August 10, 2026, he is now subject to a final order of removal, which triggered the removal period and places him under § 1231. *See* 8 C.F.R. § 1003.4 (withdrawal of appeal reinstates the immigration judge's decision as final, as though no appeal had been taken); § 1241.1(b) (order becomes administratively final "upon waiver of appeal by the respondent"). The Amended Petition does not specify the exact date that Petitioner's removal order became administratively final. But even if that order became final on August 11—the day after his original Petition was filed—he has only been detained under § 2131 for less than two months. Accordingly, Petitioner's post-removal detention falls within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

## ***IV. Conclusion***

The Amended Petition for a Writ of Habeas Corpus, Doc. 9, is denied without prejudice. Petitioner may file a new habeas petition if he remains detained beyond the six-month period.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.